## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHNNY SHERRILL HOBBS III,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00281 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RICHARD DUDLEY KENNEDY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Johnny Sherrill Hobbs III, Pro Se Plaintiff.*

The plaintiff, Johnny Sherrill Hobbs III, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983 against his former defense attorney, Richard Dudley Kennedy.  Hobbs has applied to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(b), and I will grant that application.[1] After review of the Complaint, I conclude that the action must be summarily dismissed without prejudice.

Hobbs alleges the following sequence of facts on which he bases his § 1983 claims.  Attorney Richard Dudley Kennedy represented Hobbs on a March 2021 Wise County charge of malicious wounding.  Kennedy "had [Hobbs] plead guilty to

---

[1]  A prisoner litigant who is granted in forma pauperis under § 1915 must pay the full filing fee for the case but may do so through installment payments withheld from his inmate trust account.  28 U.S.C. § 1915(b).

an unlawful wounding charge which resulted in [a prison sentence of] 3 ½ years."
Compl. 3, ECF No. 1.  Later, Hobbs learned that Kennedy was also representing the
victim.  On April 21, 2022, a Wise County Circuit Court judge set aside Hobbs's
guilty plea and sentence, allegedly upon finding "a clear conflict of interest in Mr.
Kennedy's representation."  *Id.*  The Virginia State Bar is also allegedly pursuing an
investigation of Kennedy's actions.  Hobbs states:

> I had to obtain new counsel out of my own pocket to represent me on
> having my sentence set aside.  I hired Mr. Kennedy on the malicious
> wounding matter & also a probation violation case in Scott Co[unty] &
> also hired him to represent me in federal court on a conspiracy to
> defraud & a conspiracy to commit[ ] mail fraud.  I am asking for a
> refund of $10,000 with regards that Mr. Kennedy knew there was a
> conflict & he still represented me just to get money.

*Id.*

The court may summarily dismiss a civil action filed in forma pauperis if the
court determines that the action or claim is frivolous, malicious, or fails to state a
claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  A "frivolous"
claim is one that "lacks an arguable basis either in law or in fact."  *Neitzke v.
Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version
of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a
person acting under color of state law undertook conduct that violated the plaintiff's
constitutional rights.

> Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, 8 F.3d 823, 823 (4th Cir. 1993) (unpublished).

Because Kennedy's alleged professional deficiencies occurred while he was acting as Hobbs's defense attorney, those actions were not taken under color of state law as required to provide a factual or legal basis for suit under § 1983.  *Id.*  To the extent that Hobbs may have claims against Kennedy under state law, he has not asserted any such claim in this case, and in any event, such claims are not independently actionable under § 1983.[2]  *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (finding § 1983 intended for vindication of federal rights guaranteed by federal law and not for tort claims for which there are adequate remedies under state law).  For the stated reasons, I will summarily dismiss this § 1983 action as frivolous under § 1915(e)(2)(B)(i).

---

[2]  Diversity jurisdiction permits a plaintiff to bring a state law claim in federal court if the citizenship of the parties is diverse, and the amount in controversy is over $75,000. 28 U.S.C. § 1332(a), (b).  To satisfy the diversity element under § 1332, "no plaintiff may share a citizenship with any defendant."  *Navy Fed. Credit Union v. LTD Fin. Servs.*, LP, 972 F.3d 344, 352 (4th Cir. 2020).  "The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).  Hobbs is convicted of violating Virginia law and is confined in a Virginia jail, and the defendant attorney represented Hobbs in at least two Virginia state courts.  Hobbs submits no allegation suggesting that either he or the defendant have citizenship anywhere outside Virginia so as to allow him to invoke this court's diversity jurisdiction over any claim that the defendant owes Hobbs monetary damages.

A separate Final Order will issue herewith.

DATED:   October 21, 2022

/s/  JAMES P. JONES
Senior United States District Judge